## Anderson et ux. v. McIlhenny et al.

*Jury—Misconduct of juryman—Setting aside verdict—Practice, C. P.*

A verdict for plaintiff in an accident case will be set aside where it appears that, during a recess of the trial and in the absence of the trial judge, one of the jurors, in the presence of the others, left the jury-box, walked to where the plaintiffs were in the court-room, asked for the name of one of them and his place of residence in another state, and suggested to him a possible trip there, whereupon the plaintiff addressed invited the juror to come to see him in the event of his making such a trip.

Rule for new trial. C. P. No. 5, Phila. Co., Sept. T., 1925, No. 10368.

*S. Garlic,* for plaintiffs;  *M. Z. Paul,* for defendants.

MARTIN, P. J., Aug. 2, 1927.—In this action of trespass for alleged injuries, the jury returned a verdict in favor of the plaintiff John F. T. Anderson for $2000, and for Irene Anderson for $5000. The defendants have taken a rule for a new trial, and in support of this rule, assign as reasons that one of the jurors acted improperly in engaging in a conversation with the plaintiffs during the trial, and that the verdict is excessive.

From the depositions taken following the trial, it is beyond dispute that during a recess in the course of the trial, in the absence of the presiding judge, one of the jurors, in the presence of the others, left the jury-box, walked

Anderson et ux. v. McIlhenny et al.

to where the plaintiffs were seated in the court-room, and engaged in a conversation with them; that the juror particularly asked for the name of the husband plaintiff and his place of residence in Virginia, suggesting a possible trip there, whereupon the plaintiff John F. T. Anderson invited the juror to come to see them in the event of his making the trip. The action of the juror was in itself a gross impropriety, and might indicate to the other jurors his friendly relations with the plaintiffs and possibly influence the action of the other jurors in arriving at their verdict. But the action of the plaintiff John F. T. Anderson in inviting the juror to visit him upon his coming to Virginia is more reprehensible, for here is the holding out of a prospect of entertainment at the hands of the plaintiffs, and even though innocently made and without corrupt purpose, it is such wrongful conduct upon the part of the juror, as well as the parties litigant, as cannot be overlooked.

As was stated by Mr. Justice Brown in Mix v. North American Co., 209 Pa. 636: "It has been said that the greatest object of civil government is to get twelve honest men in the jury-box. If this is true, after they get there they must be kept there, hedged around not only with their own integrity, but with every precaution against evil communication which may corrupt them; and when they go to their room to deliberate upon an issue in which is involved the life, liberty or property of their fellowman, their conduct in the discharge of such solemn duty must comport with it, else confidence in the system which is the best achievement of civilization will be lost."

For this reason alone the verdict must be set aside. It may well be that under this evidence the verdict, especially that in favor of the husband, might be considered excessive.

And now, to wit, Aug. 2, 1927, rule absolute.